Hecktown Volunteer Fire Company No. 1, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued April 5, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Lewis R. Long,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Welton J. Fischer,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 9, 1974:

This is an appeal from a decision of the Court of Common Pleas of Northampton County affirming the Pennsylvania Liquor Control Board's (PLCB) refusal

to grant a club liquor license to Hecktown Volunteer Fire Co. (Appellant).

The facts are not in dispute. The Appellant, the possessor of a malt or brewed beverage license, applied to the PLCB for a club liquor license. Although an investigation by the PLCB concluded that the Appellant was qualified for a club liquor license, the application of Appellant was denied because the PLCB determined that the municipality in which the Appellant is located, Lower Nazareth Township, already had its quota of licenses.

The Appellant appealed this decision to the Court of Common Pleas of Northampton County which, after a de novo hearing, dismissed the appeal. This determination has been appealed to this Court.

The sole issue presented to this Court is whether the court below erred in construing the quota provided by Section 461(a) of The Liquor Code, Act of April 12, 1951, P. L. 90, *as amended,* 47 P.S. §4-461(a), to bar the issuance of the instant club liquor license although no other club liquor license was outstanding in Lower Nazareth Township when Appellant filed its application.

Section 461(a) of The Liquor Code pertinently provided at the time relevant to the appeal[1] as follows: "Limiting Number of Retail Licenses To Be Issued in Each Municipality.— (a) No licenses shall hereafter be granted by the board for the retail sale of malt or brewed beverages or the retail sale of liquor and malt or brewed beverages in excess of one such license *of*

_____
[1] Subsection (a) of 461 was amended by the Act of June 9, 1972, P. L.    , No. 108, §3 to increase the population ratio of the quota to two thousand (2000) inhabitants in any municipality. Section 4 of the 1972 Act, however, provided that this amendment did not take effect until January 1, 1973, and did not apply to license applications, such as the application here, filed prior to and pending at that date.

*any class* for each one thousand five hundred inhabitants in any municipality, exclusive of licenses granted to airport restaurants, municipal golf courses and hotels, as defined in this section, and clubs; *but at least one such license may be granted in each municipality.* . . . Nothing contained in this section shall be construed as denying the right to the board to renew or to transfer existing retail licenses of any class notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this section, no new license, except for hotels, municipal golf courses and airport restaurants as defined in this section, shall be granted so long as said limitation is exceeded." (Emphasis supplied.)

The population of Lower Nazareth Township was established by the 1970 census to be 2091. Properly excluding two existing hotel liquor licenses and the Appellant's club malt beverage license then in effect in computing the quota set by Section 461(a),[2] the PLCB as well as the court below determined that the population ratio quota of the municipality had been exceeded by the present existence of two restaurant liquor licenses in the municipality.

By focusing upon the language of the provision emphasized above, however, Appellant argues that the quota is not exceeded until "at least one such license" of *each* class is granted, construing "class" to mean hotel, restaurant or club liquor or malt beverage license. If the Legislature used the word "each" to modify class in this quota provision, we would agree with Appellant's position. This, of course, the Legislature did not do. The language "one such license of

---

[2] *Pine Grove Hose, Hook and Ladder Co. No. 1, Liquor License Case*, 167 Pa. Superior Ct. 194,    75 A. 2d 15 (1950).

*any* class" clearly indicates that the quota for each 1500 inhabitants of Lower Nazareth Township is one license of any class, be it for the retail sale of malt or brewed beverages, without regard to the nature of the business of the licensee.

Order affirmed.