In Re: Application of Dorothy R. Hohl, Arrowhead Lake, Pocono Lake, Tobyhanna Township, Monroe County, Pa., for a New Retail Dispenser Eating Place License.

Dorothy R. Hohl, Appellant.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Donald B. Owen,* for appellant.

*Albert B. Miller,* Special Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 28, 1975:

Dorothy R. Hohl (Appellant) appeals the decision and order of the Court of Common Pleas of Monroe County which held that the Pennsylvania Liquor Control Board (Board) did not abuse its administrative discretion when it denied Appellant's application for a retail dispenser eating place licence which she had made pursuant to Section 461(b) of The Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b). We reverse.

Section 461(a) of the Code, 47 P.S. §4-461(a) provides for one retail license to issue in municipalities for each two thousand inhabitants. In the case of Tobyhanna Township, Monroe County, the situs of this controversy, only one such license may be issued. *See Hecktown Volunteer Fire Company No. 1 v. Liquor Control Board,* 14 Pa. Commonwealth Ct. 586, 324 A. 2d 803 (1974). However, Section 461(b), 47 P.S. §461(b) provides for the discretionary issuance of more licenses if the area is a *resort area.* That section states in relevant part:

"(b) The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area."

All parties agree that the present area is, indeed, a resort area. The issue before us is necessity or need for the license in the area.

Our Supreme Court has interpreted Section 4-461(b) to mean that the Board is required to predicate the issuance of a license under this section upon a finding of actual need for the license. *Willowbrook County Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A. 2d 154 (1962). In that case, Justice EAGEN wrote:

"There is no doubt that to warrant the granting of an additional license in a 'resort area,' it must be clear that there is *actual need,* and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area. However, we agree with the conclusion reached in this case by the Superior Court, supra, stated at page 246: '[That] the *requirement of necessity in a resort area must be considered in light of the circumstances under which the applicant operates. The term "actual necessity"* in determing the need for a liquor license *will be given a broad construction so as to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility.'* " (Emphasis added.) *Willowbrook, supra,* 409 Pa. at 374-75, 187 A. 2d at 156.

Further, our decision in *Springdale District Sportsmen's Association v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975), specifically outlines the "necessity" criteria.

Review by the lower court pursuant to Section 464, 47 P.S. §4-464, relating to the grant or refusal of licenses, is heard *de novo,* subject, however, to the limitation that the Court may not substitute its own discretion for that of the Board, and may reverse the Board only if the Board commits a clear abuse of discretion or when facts elicited *de novo* are different from those found by the Board. *Manns v. Pennsylvania Liquor Control Board,* 207 Pa. Superior Ct. 340, 217 A. 2d 848 (1966).

In *Springdale,* we wrote:

1.  The circumstances of the Applicant should be viewed with relation to the need of persons making use of the facility.

2.  Actual necessity is the need of the area for the additional license. To this end, inquiry should be directed to 1) the number and types of establishments already operating in the area; 2) the clientele served by the existing licenses; and 3) the clientele intended to be served by the Applicant.

3.  Recognize the distinction between the need of club licenses or club catering licenses in a resort area, for the purposes of its individual members and the needs which qualify the issue of other licenses.

4.  Necessity is a legal issue which demands competent evidence in support thereof.

The lower court in reviewing the evidence to determine the abuse of discretion went to a summary of a Board investigator's testimony concerning the number of licenses currently held in the area, and the respective distances of each of the licensees from Appellant's Chipmunk Snack Bar. There was Appellant's testimony that in the prior two years requests for take out beer, and her snack bar's location would, in her opinion, serve the needs of these local or transient people. The record also embodied petitions of local residents which asserted the lack of access to beer in the area.

In review, the lower court wrote: "[w]hile there was evidence to support inference (1) that there is a market, present and potential, for 'take out orders of beer, and (2) that eleven existing licensed sources are accessible in varying degrees, depending on distance, there was none to indicate (3) that existing sources were inadequate, as such, once the prospective customers had reached their doors."

After a careful review of the record, we say that the Board erred when it failed to consider the disparate

494

nature of patrons to be served in the area. We must reverse.

We recognize that the Board is vested with enormous discretion in the determination of a need and in the issue of licenses. The criteria enunciated in *Springdale* are not absolute. Discretion is vested in the Board by the Legislature in Section 461 (b) and we cannot judicially remove it. However, that discretion should not be fancifully exercised. In determining need, and in viewing the surrounding circumstances, a factor often overlooked is the nature of the patron and of the establishment which serves him. A family outing on a hot summer day, a truckdriver, a salesman, a business executive traveling through the area or a women's bridge club each having different but equally annoying distractions, in addition all have different tastes and requirements which may be and are usually served by totally incompatible establishments. To refuse to issue a take out license for beer to a roadside snack bar on grounds that a luxury hotel one hundred feet way is equally accessible is not within the spirit of the "resort area" exception. The Board and a lower court might well consider these factors in determining need. Pleasure, convenience and general welfare of the patrons in this decade have changed in mobility and sophistication since the enactment of the Liquor Control Act. This would be the wise exercise of statutory discretion.

Consistent with the foregoing, the order of the Court of Common Pleas of Monroe County is hereby reversed.