Appeal of Birchwood Center, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued April 5, 1979, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *J. Justin Blewitt,* Acting Attorney General, for appellant.

*Edward J. Mruskovic,* appellee.

OPINION BY JUDGE DiSALLE, June 22, 1979 :

We have before us an appeal of the opinion and order of the Court of Common Pleas of Montgomery County which reversed the decision of the Pennsylvania Liquor Control Board (Board) and thereby approved an application filed by Birchwood Center, Inc., for a restaurant liquor license and amusement permit pursuant to Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461 (b).[1]

Birchwood Center, a community recreational center housing a restaurant and providing facilities for tennis, basketball, golf, swimming, and picnics, is located in Perkiomen Township. The Board refused its application since it found that the restaurant liquor license quota for Perkiomen Township was already exceeded,[2] that Birchwood Center did not fall within the "resort

---

[1] Section 461(b) provides :

The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a *resort area.* (Emphasis added.)

[2] The Board specifically found :

As provided by law, Perkiomen Township, Montgomery County has a quota of 1 license for the retail sale of alcoholic beverages and there are presently 2 restaurant liquor licenses in effect counted against the quota. Consequently, the quota for this municipality is exceeded. There are also 3 hotel liquor licenses in effect which are not counted against the quota.

area'' exception so as to allow the issuance of a liquor license beyond the established quota, and that there had been no showing of necessity for the additional license. The lower court, after conducting a hearing de novo on the application, determined that the Board had abused its discretion. In so doing, the court concluded that the testimony was sufficient to establish that the facility was located in a resort area and that there existed a necessity for the additional license.

On appeal, the Board contests both conclusions of the lower court. We need not reach the issue of necessity as it is our opinion that Birchwood Center failed to prove that it is located in a resort area.

In order to be classified as a resort area, the municipality and its immediate environs must have a seasonal influx of a large number of temporary inhabitants and suitable accommodations for this transient population. *Penn State Faculty Club Liquor License Case,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978); *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958). Moreover, there must be specific evidence relating to the number and size of the recreational facilities in and around the municipality, their proximity to the applicant's place of business, the seasons during which the facilities are used, and the number of people occupying them. *Aiello Liquor License Case,* 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979).

Of particular significance to the instant determination is the dearth of suitable accommodations in Perkiomen Township for seasonal visitors. Save for some camping facilities, there are no hotels, motels, or other lodgings in the area. Even the availability of sufficient campsites is questionable since those located in Upper Perkiomen Park are restricted to residents of Montgomery County. Furthermore, according to the 1970 Census, there were 665 housing units in Per-

kiomen Township, yet only 11 of these units were considered seasonal.

Turning to the seasonal influx of transients into Perkiomen Township and its immediate environs, we are informed that various recreational attractions do exist. We cannot discern, however, either their proximity to Birchwood Center or the number of people visiting them.

With these observations in mind, we must also consider this Court's scope of review in cases such as this. It is well established that the Board has wide discretion in determining whether an area within which a municipality is located is a resort area. Our courts will not set aside such Board action absent a clear abuse of discretion. *Penn State Faculty Club Liquor License Case, supra.*

On the basis of the present record, it appears that the thrust of Birchwood Center's case concerns the need for an additional liquor license in Perkiomen Township. But even assuming necessity, it is axiomatic that there first be a finding that the appellant's place of business is located in a resort area. Given the lack of suitable accommodations and absence of specific data as to increases in the transient population, we are not prepared to hold that the Board abused its discretion in concluding that Birchwood Center is not located in a resort area.

Accordingly, we reverse.

ORDER

AND Now, this 22nd day of June, 1979, the order of the Court of Common Pleas of Montgomery County, dated September 8, 1978, is hereby reversed. The order of the Pennsylvania Liquor Control Board, dated October 4, 1977, refusing the application of Birchwood Center, Inc., for a new restaurant liquor license and amusement permit, is reinstated.