Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* William H. Remley, Jr., t/a Club XIX, Appellee.

478

[redacted]

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

[redacted]

*J. Leonard Langan,* Assistant Attorney General, with him *James J. Fitzgerald, III,* Chief Counsel, for appellant.

*Brett A. Huckabee, DeSantis & Koch,* for appellee.

OPINION BY JUDGE BLATT, November 18, 1981:

The Pennsylvania Liquor Control Board (Board) appeals a decision of the Court of Common Pleas of Berks County which reversed the Board's order and granted a liquor license to the appellee, William H. Remley.

Remley sought a liquor license for a restaurant which he planned to construct as an addition to the clubhouse of the Flying Hills Golf Course, an 18-hole

public course located in Cumru Township. He maintained that a number of state parks and campgrounds were also in the vicinity, that there was a large seasonal influx of golfers and campers, and that, therefore, the proposed restaurant was located in a resort area which presented a necessity for an additional liquor license under Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b). The Board denied the application after a hearing, finding that:

1. The quota for Cumru Township, Berks County is four retail licenses and there are eight restaurant liquor licenses in effect counted against the quota. Accordingly, the quota is exceeded. There are also one hotel liquor license and four club liquor licenses in effect which are not counted against the quota.

2. It has not been established that the establishment proposed to be licensed is located in a resort area.

3. There is no evidence of a necessity for an additional restaurant liquor license in Cumru Township, Berks County.

Remley appealed the Board's denial to the common pleas court which found that the proposed restaurant was located in a resort area, that there was a necessity for a restaurant with a liquor license in that area and that the Board abused its discretion in refusing the application. It is the Board's appeal from the lower court's decision which is now before us.

The Board contends that any increase in the population in the area surrounding the proposed restaurant was attributable to the development of a residential community and not to an influx of transient persons as is necessary to establish the existence of a resort area. We must agree.

The Board also argues that, to qualify for the resort area exception, an applicant must produce specific evidence of a seasonal influx of transients into the immediate environs and there must be specific findings made not only as to the availability of suitable accommodations for the transient population, but also as to the number and size of recreational facilities in the area, their proximity to the applicant's place of business, the seasons during which the facilities are used and the number of people utilizing them. *Birchwood Center, Inc. Liquor License Case*, 43 Pa. Commonwealth Ct. 517, 403 A.2d 155 (1979); *Aiello Liquor License Case*, 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979).

Our review of the record here indicates that, although Remley produced evidence that a number of campgrounds were in the general area of the golf course where the proposed restaurant would be located, there was no specific finding made as to the number of transient people who entered the area to use those facilities.[1] Moreover, it is clear that the lower court's opinion was based primarily on the conclusion that the *number of residents in the surrounding community* had increased to such a degree as to warrant the granting of this liquor license. Such a consideration, however, is not appropriate in determining the existence of a resort area. *Birchwood Center, Inc.*

We must conclude, therefore, that the lower court erred when it found that the Board had abused its discretion and we will reinstate the Board's denial of the application.

---

[1] The appellee produced evidence that from 20,000-25,000 rounds of golf were played on the Flying Hills Golf Course during the summer season, but there was no evidence as to how many people played or as to how many people played more than once.

ORDER

AND Now, this 18th day of November, 1981, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed and

It is Ordered that the order of the Pennsylvania Liquor Control Board in this matter is reinstated.