Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Mildred J. Myers, Appellee.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*David Shotel,* Counsel, with him *James J. Fitzgerald, III,* Chief Counsel, for appellant.

*Timothy B. Fisher,* for appellee.

OPINION BY JUDGE MENCER, November 24, 1981:

The Pennsylvania Liquor Control Board (Board) has appealed from an order of the Court of Common Pleas of Wayne County which reversed a decision of the Board refusing the application by Mildred J. Myers for a new retail-dispenser eating-place license for premises in Lehigh Township, Wayne County.

The Board refused the Myers application because it found that the quota of one license for the retail sale

of alcoholic beverages applying to Lehigh Township, Wayne County, is filled and that there are also three hotel liquor licenses in effect in said municipality which are not counted against the quota.[1] In addition, the Board found that the establishment to be licensed had not been shown to be located in a resort area, so as to allow the issuance of a liquor license beyond the established quota, and that there had been no showing of necessity for the additional license.

The lower court, after conducting a hearing de novo on the application, determined that the Board had abused its discretion in the instant case. In so doing, the court concluded that the evidence of record was sufficient to establish that the premises sought to be licensed by Mildred J. Myers were located in a resort area and that there existed a necessity for the additional license.

Here the Board contests determinations of the lower court. It is our conclusion that the applicant failed to prove that the premises sought to be licensed are located in a resort area.[2]

A municipality and its immediate environs, to be classified as a resort area, must have a seasonal influx of a large number of temporary inhabitants and suitable accommodations for this transient population. *Penn State Faculty Club Liquor License Case,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978). There must be specific evidence relating to the number and size of the recreational facilities in and around the municipality, their proximity to the applicant's place of business, the seasons during which the facilities are

---

[1] The four licensed liquor establishments are between 3.6 miles and 4.4 miles away from the premises sought to be licensed by the applicant.

[2] Concerning the issue of necessity, we are mindful of our holding in *Application of Dorothy R. Hohl,* 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1975).

used, and the number of people occupying them. *Aiello Liquor License Case,* 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979).

We must be mindful of this Court's scope of review in cases such as this one. The Board has wide discretion in determining whether an area is located in a resort area. The Board's action will not be set aside, absent a clear abuse of discretion. *Chukker Valley Golf Club, Inc. v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 321, 341 A.2d 212 (1975).

On the basis of the instant record, we cannot conclude that the Board abused its discretion in deciding that the premises sought to be licensed here are not located in a resort area. The dearth of suitable accommodations in the northern portion of Lehigh Township for seasonal visitors is like the factual setting in *Appeal of Birchwood Center, Inc.,* 43 Pa. Commonwealth Ct. 517, 403 A.2d 155 (1979). Save for campsites and vacation homes, there are no adequate hotel, motel, or other lodging accommodations in the immediate area. We have required "specific findings as to influx of transients. It is not sufficient to say the number of people in the area increases during a certain season. What is required is a specific finding ... that there was an increase of ... persons yearly in the region at peak periods." *Petition of Springdale District Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 485, 342 A.2d 802, 805 (1975).

We view this record as establishing that Lehigh Township is a residential area with several developments for the sale of lots which are in various stages of completion; whereas, the seasonal influx is mainly to areas containing lakes and state parks which are 4 to 10 miles from the applicant's premises. Accordingly, on the authority of *Birchwood* and *Aiello,* we reverse.

Order reversed.

574

ORDER

AND Now, this 24th day of November, 1981, the order of the Court of Common Pleas of Wayne County, dated June 11, 1980, directing the Pennsylvania Liquor Control Board to issue an eating-place retail-dispenser's liquor license to Mildred J. Myers, is hereby reversed. The order of the Pennsylvania Liquor Control Board, dated December 21, 1979, refusing the application of Mildred J. Myers for a new retail-dispenser eating-place license is reinstated.

Judge WILLIAMS, JR., dissents.