451 A.2d 1000

**Mildred J. MYERS, Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD.**

Supreme Court of Pennsylvania.

Oct. 28, 1982.

Timothy B. Fisher, Gouldsboro, for petitioner.

David Shotel, Pennsylvania Liq. C. Bd., Harrisburg, for respondent.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is a petition for allowance of appeal from an order of a panel of the Commonwealth Court (Williams, J., dissenting) reversing an order of the Court of Common Pleas of Wayne County and reinstating an order of the Pennsylvania Liquor Control Board (Board) which denied a requested retail-dispenser eating-place license. Having concluded that the Commonwealth Court applied an erroneous standard in determining that the proposed establishment was not located

within a resort area, we grant the petition, reverse the order of the Commonwealth Court, and reinstate the order of the court of common pleas.

In 1979, appellant Mildred Myers filed an application with the Board seeking a license for an establishment to be located in the northern end of Lehigh Township, Wayne County, which would sell pizza and six-packs of beer. Because the statutory quota for Lehigh Township for retail establishments dispensing alcoholic beverages had been filled, appellant sought to come within the "resort area" exception provided by the Liquor Code. 47 P.S. § 4–461(b).[1] After a hearing, the Board denied the application without making findings of fact and without providing reasons in support of its conclusions that the proposed establishment was not located within a resort area and that an additional retail liquor license in Lehigh Township was not necessary. After a hearing de novo, the court of common pleas reversed the Board, finding (1) that there existed several thousand campsites and vacation home lots in the vicinity of the proposed establishment, inhabited primarily by seasonal residents; (2) that Lehigh Township contained numerous recreational facilities attracting seasonal visitors; (3) that the only licensed establishments in Lehigh Township consisted of one restaurant and three hotels, all located in the southern part of the township more than 3.5 miles from the proposed establishment; and (4) that a petition requesting appellant to apply for a license to sell beer had been signed by over 1200 people. On the basis of these findings, the court of common pleas determined that appellant's proposed establishment was located in a resort area and that an additional license had been shown to be necessary. Accordingly, the court concluded that the Board had abused its discretion in denying the application and ordered that the license be issued. A divided panel of the Commonwealth Court re-

1. 47 P.S. § 4–461(b) provides:
   "The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area." Act of April 12, 1951, P.L. 90, art. IV, § 461, as amended.

versed on appeal. *Pennsylvania Liquor Control Board v. Myers,* 62 Pa.Cmwlth. 570, 437 A.2d 483 (1981).

The definition of the term "resort area" in 47 P.S. § 4–461(b) has been left by the Legislature to judicial interpretation. See *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981). Construing the relevant legislative history, our courts have determined that the "resort area" exception was intended to render

"an equitable distribution of licenses in areas wherein, at certain seasons, the 'population' is greatly increased, 'making it quite obvious that the usual number of licenses would not be adequate to serve the people.' It is apparent that the legislature contemplated the seasonal influx of a large number of temporary inhabitants and the presence of suitable accommodations for this 'transient population.' "

*Bierman Liquor License Case,* 188 Pa.Super. 200, 204–5, 145 A.2d 876, 879 (1958). Accord, e.g., *Willowbrook Country Club, Inc., Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962).

Here, the Commonwealth Court panel implicitly agreed with the court of common pleas that the need of the population for an additional license had been shown. *Pennsylvania Liquor Control Board v. Myers,* supra, 62 Pa.Cmwlth. at 572 n. 2, 437 A.2d at 484 n. 2.[2] Nonetheless, the court upheld the Board's denial of a license to appellant because of "the

---

**2.** The Commonwealth Court stated: "Concerning the issue of necessity, we are mindful of our holding in *Application of Dorothy R. Hohl,* 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1973)." Id. In *Hohl* the court reversed a board determination that a resort area license was unnecessary, observing that "[t]o refuse to issue a take out license for beer to a roadside snack bar on grounds that a luxury hotel one hundred feet away is equally accessible is not within the spirit of the 'resort area' exception." 20 Pa.Cmwlth. at 494, 342 A.2d at 495. We agree with the holding of the court of common pleas and the implication of the Commonwealth Court that appellant Myers successfully established that the needs of the occupants of the numerous campsites and vacation home lots surrounding appellant's proposed establishment in the northern portion of Lehigh Township were not adequately served by the one restaurant and three hotels in the southern portion of the township.

dearth of suitable accommodations in the northern portion of Lehigh Township for seasonal visitors . . . . Save for campsites and vacation homes, there are no adequate hotel, motel, or other lodging accommodations in the immediate area." Id., 62 Pa.Cmwlth. at 573, 437 A.2d at 485.

In our view, the approach of the Commonwealth Court, which looked solely to the number of hotel and motel rooms available in the area, creates an unreasonable standard of review for "resort area" applications which does not accord with the present realities of recreational travel. The thousands of campsites and vacation home lots in the vicinity of appellant's proposed establishment clearly constitute "suitable accommodations" for the Township's transient population, notwithstanding the absence of hotels and motels in the area.

Thus, in the absence of any findings of fact by the Board, and on the basis of its own extensive findings of fact, the court of common pleas correctly determined that the Board had abused its discretion in denying appellant's application for a "resort area" license, and the Commonwealth Court erred in reversing that determination.

Order of the Commonwealth Court reversed. Order of the Court of Common Pleas of Wayne County reinstated.