## Sprenger Brewery Ltd. v. Pa. Liquor Control Board

*James S. Sorrentino*, for appellant.
*James H. Thomas*, for appellee.

MUELLER, *J.*, May 23, 1983 — On April 6, 1981, Sprenger Brewery, Ltd. (hereinafter referred to as Sprenger Brewery), filed a written application with the Pennsylvania Liquor Control Board for a new restaurant liquor license and amusement permit on a prior approval basis for premises located at 125 East King Street, Lancaster, Pa. On September 10, 1981, a full day hearing was held upon Sprenger Brewery's application before a hearing examiner designated by the Pa. Liquor Control Board.[1] This hearing was attended by several protestants who were represented by an attorney, several witnesses on behalf of the applicant and the applicant's attorney.

The Liquor Control Board filed an opinion and order on April 30, 1982 refusing Sprenger Brewery's application. The board rendered conclusionary findings of fact including:

2. The board is not satisfied that the establishment proposed to be licensed is located within a Resort Area.

3. It has not been established that there is a necessity for an additional retail liquor license in the City of Lancaster, Lancaster County.

4. The premises proposed to be licensed are located within 200 feet of other establishments licensed by this board.

5. The premises proposed to be licensed are located within 300 feet of the First Presbyterian Church and Trinity Lutheran Church.

On May 10, 1982, an order of this court was issued allowing Sprenger Brewery to appeal the order

---

1. Section 464 of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-464.

of the Pa. Liquor Control Board. On July 22, 1982, a petition to intervene filed by the Lancaster County Tavern Owners Association was granted. After several continuances a de novo hearing was held on February 16, 1983. Briefs have been filed by Sprenger Brewery and by the intervenor. The Pennsylvania Liquor Control Board did not file a brief. The court, with consent of counsel for all parties, is rendering a decision without the benefit of a transcript of the de novo hearing. The court does have extensive notes which were used in ruling on this appeal.

This court has jurisdiction under Section 464 of the Liquor Code[2] which provides, inter alia:

Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal. . . . The court shall hear the application de novo on question of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or overrule the action of the board and either order or deny the issuance of a new license or the removal or transfer of the license to the applicant.

The record established the City of Lancaster has a quota of 27 retail licenses for the sale of alcoholic beverages. There are presently 63 restaurant liquor licenses and seven retail dispenser eating place licenses in effect which are counted against the quota. Obviously the quota in the City of Lancaster is exceeded. There are also eight hotel liquor licenses, 20 club licenses, four catering club liquor

2. 47 P.S. §4-464

licenses and three club retail dispenser licenses in effect which are not counted against the quota. Since the quota was exceeded, Sprenger Brewery's initial application was pursuant to Section 461(b) of the Liquor Code[3] which provides:

(b) The board shall have the power to increase the number of licenses in any municipality which in the opinion of the board is located within a resort area.

Case law has made clear that Sprenger Brewery, as the appellant, has the burden under Section 461(b) to show that the premises sought to be licensed are in the resort area and that there is an actual need for the license in area. Aiello Liquor License Case, 41 Pa. Commw. 345, 399 A. 2d 154 (1979).

The legislature has not given the Liquor Control Board or the courts any guidance in defining a "resort area" except through its silence.[4] See: Willowbrook Country Club, Inc., Liquor License Case, 409 Pa. 370 (1962); Application of El Rancho Grande, Inc., 496 Pa. 496 (1981). The definition which was developed through case law was most recently enunciated in Myers v. Pennsylvania Liquor Control Board, 499 Pa. 76, 451 A. 2d 1000 (1982). The Pennsylvania Supreme Court in Myers, quoting from Bierman Liquor License Case, 188 Pa. Super. 200 (1958), explained that the "resort area" exception was intended to render:

---

3. 47 P.S. §4-461(b).

4. The Pennsylvania Supreme Court in Willowbrook, supra, at 374, explained, "It is also noteworthy that since the Superior Court defined the meaning of the term 'resort area' as used in the Act of April 12, 1951, P.L. 90, as amended, 47 P.S. 4-461(b), the legislature did not see fit to amend the law and define or redefine the term at a subsequent session, although other amendments were effected."

[A]n equitable distribution of licenses in areas wherein, at certain seasons, the 'population' is greatly increased, 'making it quite obvious that the usual number of licenses would not be adequate to serve the people.' It is apparent that the legislature contemplated the seasonal influx of a large number of temporary inhabitants and the presence of suitable accommodations for this 'transient population.' At 1001.

An applicant which seeks a new license under the "resort area" exception has the burden to further establish that there is an actual need for the granting of the additional license. Some factors in considering the actual necessity are: (1) the number and types of establishments already operating in the area; (2) the clientele served by the existing licenses; and (3) the clientele intended to be served by the applicant. Petition of Springdale District Sportsmen's Association, 20 Pa. Commw. 479, 342 A. 2d 802 (1975); also see: Appeal of Brandywine Valley Inn, Inc., 53 Pa. Commw. 203, 417 A. 2d 823 (1980); Application of Dorothy R. Hohl, 20 Pa. Commw. 490, 342 A. 2d 493 (1975). The primary question as stated by the Commonwealth Court in Appeal of Brandywine, supra, at 208, "is whether the applicant can add a service where and when the present licensees cannot." (Citation omitted.) This court finds Sprenger Brewery did not meet its burden in showing "need" and finds this dispositive of the appeal.

The evidence introduced at the Liquor Control Board hearing held September 10, 1981[5] indicated that tavern and restaurant owners in the City of Lancaster are not turning individuals away be-

---

5. The transcript of the hearing on September 10, 1981 was admitted into evidence as C.P. No. 1.

cause of lack of space. There was also testimony at the board hearing that there are several restaurants in the City of Lancaster which can adequately cater to the daily workers, the city's residents and tourists who may be attracted to the city. At the board's hearing and at the appeal hearing before this court there was testimony that at least two liquor licenses were outstanding and available for purchase.[6] Jon B. Tremellen, president and sole shareholder of Sprenger Brewery, Ltd., testified at the board's hearing that those issued and outstanding licenses were too expensive and one had a "stigma." Sprenger Brewery has cited no authority that "need" can be established due to an unwillingness to pay the market price or to buy a liquor license which has a subjectively perceived "stigma" attached to it.

Mr. Tremellen's ambition and efforts to restore the Sprenger Brewery are commendable. The project is unique. However, the requisite "need" element has not been shown, and the Pa. Liquor Control Board did not abuse its discretion in refusing Sprenger Brewery's application.

In light of this finding and in an exercise of judicial restraint the court will refrain from discussing whether or not the City of Lancaster is a "resort area." The court is satisfied that the applicant has not established the need requirement.

The Liquor Control Board made other findings concerning distances between Sprenger Brewery

---

6. At the de novo hearing Dawn Saurbaugh, who is not a member of the Lancaster County Tavern Owners Association, testified that her liquor license had been advertised for sale for a month. Her license was not for sale at the time of the board's hearing. She also testified that she would sell the liquor license for the Ground Floor, located in the City of Lancaster, separate from the real estate.

and restricted areas (Liquor Control Board Opinion, findings 4 and 5). More specifically, the Board found that Sprenger Brewery was within 200 feet of another establishment licensed by the Board and 300 feet from the two churches. These findings are important when read in conjunction with Section 404 of the Liquor Code[7] which provides, inter alia:

That in the case of any new license . . . the board may, in its discretion, grant or refuse such new license . . . if such place proposed to be licensed is within three hundred feet of any church . . . or if such new license . . . is applied for a place which is within two hundred feet of any other premises which is licensed by the board. . . .

Sprenger Brewery does not contend these findings are incorrect as to the distances recited. Rather Sprenger Brewery lodges a constitutional attack upon Section 404 in that it fosters an excessive entanglement with religion and deprives Sprenger Brewery due process of law. These contentions are not central to this court's opinion and only require brief comment.

Sprenger Brewery cites Centrum Prime Meats v. Pennsylvania Liquor Control Board, ＿＿ Pa. Commw. ＿＿, 455 A. 2d 742 (1983), and Larkin v. Grendel's Den, Inc., ＿＿ U.S. ＿＿, 74 L.Ed. 2d 297, 103 S.Ct. ＿＿ (1982), as support for its position. The Centrum case is factually different from this case. The Commonwealth Court in Centrum expressly stated its opinion was based on that case's own particular facts.[8] Larkin v. Grendel's Den, Inc., supra, is also distinguished since the

---

7. 47. P.S. §4-404.

8. "Considering the very narrow factual matrix of this case. . . . " Centrum Prime Meats v. Pennsylvania Liquor Control Board, supra, at 745.

Massachusetts statute[9] invalidated by the United States Supreme Court and the Pennsylvania statute[10] are different. The Massachusetts statute granted churches a virtual "veto power" over the decision whether to grant a liquor license to an applicant whose premises are within 500 feet of a church. The Pennsylvania statute leaves the decision to grant or deny a liquor license solely within the Pa. Liquor Control Board's discretion. The fact that the premises proposed to be licensed are within the statutorily established distances from schools, hospitals, churches or other licensed premises does not give those licensees, institutions or churches a "veto power." The court does not find the Pennsylvania statute to be unconstitutional. Further, the United States Supreme Court in Larkin made it clear it was not ruling on the constitutionality of any other state's statute (Footnote 7 at page 305).

Sprenger Brewery also argues that if the City of Lancaster was found to lie within a resort area and the requisite need was found to exist, the refusal to grant Sprenger Brewery a license on the sole basis that the premises are within a certain distance from a restricted area denies Sprenger Brewery due process of law (Appellant's Brief, page 23). As previously discussed in this opinion the facts are not present on which applicant has premised this argument.

The question whether the Liquor Control Board can deny an application solely because the premises proposed to be licensed are within a certain

---

9. Section 16C of Chapter 138 of the Massachusetts General Laws provides: "Premises . . . located within a radius of five hundred feet of a church or school shall not be licensed for the sale of alcoholic beverages if the governing body of such church or school files written objections thereto."

10. 47 P.S. §4-404.

distance from a restricted area has been previously decided by the Lancaster County Court of Common Pleas. See: Appeal of Santo Santaniello and Nancy Santaniello, t/d/b/a Santaniello's, Liquor License Docket No. 1, Page 139, filed July 20, 1982. In Santaniello the court en banc stated at page 3:

However persuasive their argument, we cannot ignore the fact that the legislature has provided what amounts to unlimited discretion to the Liquor Control Board in ruling upon applications in which the premises proposed to be licensed are within two hundred feet of another licensee, or within three hundred feet of any church, hospital, charitable institution, school or public playground. The question of whether the Board's discretion in reviewing these types of applications should be restricted is a matter for the legislature, not the courts.

The writer of this opinion was a member of the court en banc which heard and decided the Santaniello appeal and, although not the author of that opinion, joined in the decision. Also see: Byer v. Pennsylvania Liquor Control Board, _____Pa. Commw. _____, 457 A. 2d 344 (1983).

The Pa. Liquor Control Board did not abuse its discretion in refusing to issue Sprenger Brewery, Ltd., a new restaurant liquor license. The testimony at the de novo hearing before this court does not justify this court making different findings of fact. In re Granting of Request for the Transfer of a Restaurant Liquor License, etc., 70 Pa. Commw. 1, 452 A. 2d 289 (1982).

## ORDER

And now, May 23, 1983, the appeal of Sprenger Brewery, Ltd., is dismissed. The order of the Pennsylvania Liquor Control Board dated April 30, 1982 denying appellant's application is affirmed.