Application of Benjamin T. Roberts and Janet M. Roberts for Retail Dispenser Eating Place Liquor License etc. Gerald Willamen et al., Appellants.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Benjamin T. and Janet M. Roberts, Appellees.

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Vernon D. Roof,* for appellants, Gerald Willamen et al.

*Gary F. DiVito,* Chief Counsel, for appellant, Pennsylvania Liquor Control Board.

*David A. Whitney, Cartwright, Fernan & Whitney,* for appellees, Benjamin T. and Janet M. Roberts.

OPINION BY JUDGE DOYLE, January 5, 1984:

Appellants[1] seek review of a decision by the Court of Common Pleas of the 59th Judicial District[2] which reversed the order of the Pennsylvania Liquor Control Board (Board) denying Appellees'[3] application for a resort area liquor license.

Appellees sought the issuance of a retail dispenser eating place license for their restaurant located in Benezette Township, Elk County, under the "resort area" provision of the Liquor Code.[4] The Board denied Appellees' application, concluding that Appellees had neither established that the area in question was a resort area, nor that the additional license was necessary. On appeal, the court of common pleas took additional evidence and reversed, granting a resort area license to Appellees.

An appeal from a decision of the Liquor Control Board is heard de novo by the court of common pleas, subject to the limitation that the court may reverse only if the Board has committed a clear abuse of discretion or the facts elicited at the de novo hearing differ from those found by the Board. *Byer Liquor License Case*, 73 Pa. Commonwealth Ct. 336, 457 A.2d 1344 (1983); *Application of Dorothy R. Hohl*, 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1975). Although additional evidence was taken by the court in this case, our review indicates that the evidence submitted on the issue of whether the area in question

---

[1] The appeal of the intervenors, Gerald Willamen, Lois Lauglin, Fred Coble and Sam Crocco, has been consolidated with the appeal of the Pennsylvania Liquor Control Board.

[2] Elk County Division.

[3] Benjamin T. and Janet M. Roberts.

[4] Section 4-461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. 4-461(b) permits the Board to increase the number of liquor licenses above the established quota for any municipality located in a resort area.

was a resort area did not differ from that submitted before the Board. Therefore, the court could not substitute its own findings on this issue and was limited to a determination of whether the Board committed a clear abuse of discretion in finding that no resort area existed.[5] *Ruse Liquor License Case,* 67 Pa. Commonwealth Ct. 299, 447 A.2d 331 (1982).

To establish a resort area under Section 4-461(b) of the Liquor Code, an applicant must present specific evidence as to 1) the number and size of the recreational facilities in and around the municipality, 2) their proximity to the applicant's place of business, 3) the seasons during which the facilities are used and 4) the actual number of non-residents occupying the recreational facilities. *Birchwood Center, Inc. Liquor License Case,* 43 Pa. Commonwealth Ct. 517, 403 A.2d 155 (1979) ; *Petition of the Springlale District Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975).

In this case the evidence before the Board established that Benezette Township is a rural, wooded community with a population of 310. In addition to the 108 year-round residences in the township, there are 667 campsites used by non-residents during the various hunting and fishing seasons. During such seasons the township's retail businesses experience a substantial increase in sales.

On the basis of this evidence, we cannot, however, conclude that the Board abused its discretion in finding that no resort area existed. Such evidence indicates neither the percentage of the 667 campsites oc-

---

[5] The trial court did not interpret the Board's second finding to be an affirmative finding that no resort area existed. That finding stated : "The Board is not satisfied that the establishment proposed to be licensed is located in a resort area." Unlike the trial court, we interpret this finding to be an affirmative finding on this issue, and shall review the Board's decision accordingly.

cupied, nor the actual number of non-residents occupying them at any given time. This Court has previously held that a general finding of a seasonal increase in population is insufficient; there must be a specific finding as to the actual numbers involved in the increase. *Springdale.* Without the evidence to support such a finding, the Board committed no error in refusing to find that a resort area existed.[6]

Accordingly, we shall reverse the decision of the court of common pleas, and reinstate the Board's order.

### ORDER

Now, January 5, 1984, the order of the Court of Common Pleas of the 59th Judicial District, Elk County Division, in the above referenced matters, dated September 28, 1982, is hereby reversed.

---

[6] Because of our holding in this case, we need not reach the issue of whether the additional license was necessary.