534 A.2d 558

Application of Benjamin T. Roberts and Janet M. Roberts for Retail Dispenser Eating Place Liquor License. Gerald Willaman, Lois Laughlin, Fred Coble and Sam Crocco, Appellants.

Argued October 8, 1987, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Vernon D. Roof*, for appellants.

*Edward J. Osterman*, for appellees.

Opinion by Senior Judge Barbieri, December 7, 1987:

Appellants seek review of a decision by the Court of Common Pleas of the 59th Judicial District[1] which reversed the order of the Pennsylvania Liquor Control Board[2] (Board) denying Appellees'[3] application for a re-

---

[1] Elk County Division.

[2] The Pennsylvania Liquor Control Board has discontinued its appeal before this Court and consequently is no longer a party to this proceeding.

[3] Benjamin T. and Janet M. Roberts.

sort area liquor license. This identical case had previously come before this Court in *Commonwealth, Pennsylvania Liquor Control Board v. Roberts*, 79 Pa. Commonwealth Ct. 368, 468 A.2d 1140 (1984) wherein we reversed the order of the 59th Judicial District approving a resort liquor license on the grounds that Benezette Township, Elk County, where Apellees' restaurant is located, was not a resort area. The parties agree that the physical characteristics of Benezette Township have not significantly changed since our decision four years ago. Appellees contend, however, that the additional evidence taken by the trial court meets the standard subsequently set by this Court for resort area liquor licenses in *Commonwealth, Liquor Control Board v. Spring Gulch, Inc.*, 87 Pa. Commonwealth Ct. 395, 487 A.2d 472 (1985).

Benezette Township is a rural, wooded community with a year round population of 314, up from 310 in 1983. In addition to the 108 year-round residences in the township, there are 666 campsites used by nonresidents during the various hunting and fishing seasons. Seventy-five percent of Benezette Township is publicly owned in the form of state game lands or state forests. During hunting and fishing seasons the township experiences a substantial increase in visitors with corresponding increase in restaurant and campsite business.

The PLCB restaurant liquor license quota for Benezette authorizes one liquor license which is owned by Appellant Sam Crocco. There are also two hotel liquor licenses owned by the other two Appellants' which are not counted against the PLCB quota.[4] Appellees

---

[4] The PLCB quota in effect is one restaurant liquor license per 2,000 population. Appellant's Brief at 12.

seek a retail dispenser eating place license under the "resort area" exception of the Liquor Code.[5]

The findings of fact noted remain unchanged from those involved in our 1983 opinion. However, Appellees now direct our attention to *Spring Gulch, supra* wherein this Court elaborated on the definition of "resort area:"

> In order to be classified as a resort area, the municipality and its immediate environs must have a *seasonal influx* of a large number of temporary inhabitants and *suitable accommodations* for this transient population. Penn State Faculty Club Liquor License Case, 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978); Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958). Moreover, there must be *specific evidence relating* to the number and size of the *recreational facilities* in and around the municipality, their proximity to the applicant's place of business, the seasons during which the facilities are used, and the number of people occupying them. Aiello Liquor License Case, 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979). (Emphasis added.)

*Spring Gulch* at 398, 487 A.2d at 474 (1985) *quoting from Appeal of Birchwood Center, Inc.,* 43 Pa. Commonwealth Ct. 517, 519, 403 A.2d 155, 156 (1979). This second time around, Appellees attempt to follow *Spring Gulch* virtually line by line presenting "a specific finding that there was a yearly increase of persons in the region at peak periods," *Id.* at 398, 487 A.2d at 474, and "the required specific evidence relating to the

---

[5] Section 4-461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. 4-461(b) permits the Board to increase the number of liquor licenses above the established quota for any municipality located in a resort area.

recreational facilities around the municipality." *Id.* at 399, 487 A.2d at 474. Thus we are told that on Memorial Day weekend in 1984 and Labor Day weekend in 1985 there were at least 2909 and 2735 transients, respectively, in Benezette Township during those periods.[6] The trial court also found "a plethora of recreational facilities and activities"[7] within the immediate area of Appellees' premises.

Appellees' statistical methodology fails to prove the point. Appellees' statistical expert admits there is no way of knowing whether the people who signed the survey were campers or vacationers or just stopping for gas. R.R. at 37a. In all of Elk County in 1983 and 1984 the total travel expenditures were $15,000 and $29,340 respectively. R.R. at 49a. This is hardly the large seasonal influx of transients required for licensing as a resort area. *Spring Gulch* at 398, 487 A.2d at 474. Compared to the cases in which this Court had determined a resort area exists, Benezette does not meet the standard. For example, in *Commonwealth, Liquor Control Board v. Ripley,* 107 Pa. Commonwealth Ct. 425, 529 A.2d 39 (1987) and *Ott Appeal,* 72 Pa. Commonwealth Ct. 637, 457 A.2d 205 (1983) the attraction of the Gallitzin State Park/Glendale Lake complex with sixteen miles of shoreline drew nearly one million visitors per year. In *Spring Gulch,* one campground alone in the heart of the Amish Country drew nearly 23,000 transients in one summer.

There are no "major tourist attractions," in Benezette which command attention from the general populace. *Spring Gulch* at 399, 487 A.2d at 474. The winter and water sporting events and activities, nature

---

[6] *Application of Roberts,* No. 85-02, slip op. at 4 (59th Judicial District, Elk County Branch, Jan. 10, 1986), R.R. at 131a.

[7] *Application of Roberts, Id.* at 6, R.R. at 133a.

trails, mountain laurel, leaves turning color, camping, picnicking, camps and seasonal part-time homes and hunting and fishing seasons which Appellees point to are common to many townships and counties, particularly to those in the northwestern area of Pennsylvania where Benezette, Elk County, is located.[8] Hunting and fishing is common to not only Benezette or northwestern Pennsylvania, but to the state as a whole.

The trial court conducted its own evidentiary hearing, but its findings merely supplemented and elaborated those already made by the Board. In a case where no new facts varying from those accepted by the Board are found by the trial court, the court may not simply substitute its discretion for that of the Board. *Ripley* at 428, 529 A.2d at 41. The standard for our review is whether the trial court committed an error of law or abuse of discretion and whether or not the Board's order is supported by substantial evidence. *In Re Giannilli*, 82 Pa. Commonwealth Ct. 42, 474 A.2d 738 (1984). We find the Board committed no error in refusing to find that a resort area existed.[9]

Accordingly, we shall reverse the decision of the court of common pleas, and reinstate the Board's order.

## ORDER

NOW, December 7, 1987, the order of the Court of Common Pleas of the 59th Judicial District, Elk County Division, at No. 85-02, dated January 10, 1986, is hereby reversed and the order of the Pennsylvania Liquor Control Board is reinstated.

---

[8] Report of Hearing Examiner, R.R. at 152a.

[9] Because of our holding in this case, we need not reach the issue of whether the additional license was necessary.