# Khalil v. Pennsylvania Liquor Control Board

*Mark A. Barket,* for petitioner.
*Paul T. Sosnowski,* for respondent.

LAVELLE, *P.J.,* March 22, 1991—Petitioner, Mustafa M. Khalil, t/a Rialto Encore, has appealed to this court the June 26, 1989 order of the Pennsylvania Liquor Control Board refusing his application for a new restaurant liquor license for the Rialto Encore restaurant in Lansford, Carbon County. The application was filed under section 461 of the Liquor Code,* the so-called "resort area" exception.

On June 26, 1989, the Liquor Control Board, after hearing, made the following findings of fact in denying the application:

(A) The quota for Lansford, Carbon County, is two restaurant liquor licenses and there are presently 11 liquor licenses.

(B) The establishment proposed to be licensed is not located in a resort area.

(C) There is no evidence of necessity for an additional restaurant liquor license in Lansford, Carbon County.

We heard the appeal de novo, as we must, under section 464 of the Liquor Code, 47 P.S. §4-464. The record made at the board's hearing was admitted into evidence and we heard additional testimony from petitioner. The entire record persuades us that the board did not abuse its discretion in finding that the proposed licensed premises is not located in a resort area. This conclusion is posited on the following

## FINDINGS OF FACT

(1) Lansford has not been determined to be a resort area within the meaning of the Liquor Code.

---

* Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-461(b).

(2) According to 1980 census figures, Lansford has a population of 4,466.

(3) The Rialto Encore restaurant is located at 52 West Ridge Street in Lansford, Carbon County, Pennsylvania, and it features Middle Eastern food.

(4) Petitioner, Mustafa Khalil, has been owner and operator of the Rialto Encore for 12 years, serving dinner from 5 p.m. to midnight, Tuesday through Sunday.

(5) The liquor license quota for Lansford is two and there are presently 11 restaurant liquor licenses counted against that quota.

(6) There are at least 20 different tourist attractions and activities in the Jim Thorpe area which is within 10 miles of Lansford. These include, with their distances from Lansford: Carbon County Opera House (12 miles); World Premiere Miniature Musical, music and art festivals, old-fashioned steam train rides (12 miles); Asa Packer Mansion (12 miles); St. Mark's Church (12 miles); Model Train Museum (12 miles); Flagstaff Mountain Overlook (11 miles); whitewater rafting (15 miles); Mauch Chunk Lake (7 miles); Beltzville State Park (18 miles); Hickory Run State Park (20 miles); Camelback Ski Area (30 miles); Split Rock Resort (25 miles); and Big Boulder Ski Area (25 miles).

(7) Most of the tourist influx and activity is in Jim Thorpe.

## DISCUSSION

Initially, we note our scope of review in cases of this nature. The Commonwealth Court, in *In re Chiavaroli,* 54 Pa. Commw. 588, 592, 422 A.2d 1195, 1197 (1980), stated:

"It is well settled that the trial court 'may not substitute its discretion for that of the Board and

may reverse the Board only if it has committed a clear abuse of discretion or when de novo facts varying from those accepted by the Board are found.' *Darlene Bar Inc. v. Commonwealth, Liquor Control Board,* 51 Pa. Commw. 274, 276, 414 A.2d 721, 722 (1980). (citation omitted)''

Abuse of discretion was defined by the Superior Court in *Manns v. Pennsylvania Liquor Control Board,* 207 Pa. Super. 340, 217 A.2d 848 (1966). Quoting from its opinion in *Appeal of Zermani,* 73 Pa. Super. 428, 98 A.2d 645 (1953), the court said:

''[A]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.'' *Manns, supra,* at 343, 217 A.2d at 850.

We note that the Liquor Code gives the board wide discretion in determining whether or not a municipality is located within a resort area. This court may not set aside the determination of the board absent a showing that the board committed a clear abuse of discretion. *Commonwealth, Pennsylvania Liquor Control Board v. Myers,* 62 Pa. Commw. 570, 437 A.2d 483 (1981).

The Liquor Code does not define ''resort area.'' The Commonwealth Court, however, has defined it as an area that is characterized by:

''[A] population increase in the geographical area surrounding the premises during certain seasons such that the usual number of liquor licenses within the geographical area is not adequate to serve the needs of the people . . . Further, it must appear that the area's facilities are used primarily by the temporary transients or tourists and not by area res-

idents. . .'' *In re Brandywine Valley Inn,* 53 Pa. Commw. 203, 207, 417 A.2d 823, 826 (1980).

In *Commonwealth, Pa. Liquor Control Board v. Remley,* 62 Pa. Commw. 477, 436 A.2d 1250 (1981), the Commonwealth Court stated that, in order to qualify for the resort area exception:

"[A]n applicant must produce specific evidence of a seasonal influx of transients into the immediate environs and there must be specific findings made not only as to the availability of suitable accommodations for the transient population, but also as to the number and size of recreational facilities in the area, their proximity to the applicant's place of business, the seasons during which the facilities are used and the number of people utilizing them. *Appeal of Birchwood Center Inc.,* 43 Pa. Commw. 517, 403 A.2d 155 (1979); *In re Aiello,* 41 Pa. Commw. 345, 399 A.2d 154 (1979)." *Remley, supra.*

Petitioner, as the appellant, has the twofold burden under section 461(b) to show that the premises sought to be licensed are in the resort area and that there is an actual need for the license in the area. *Commonwealth, Liquor Control Board v. Backer,* 113 Pa. Commw. 373, 537 A.2d 100 (1988). Here, petitioner has not met his burden of showing that his establishment is located in a resort area. It is uncontroverted that Lansford has never been held to be a resort area within the meaning of the Liquor Code.

Before the board, petitioner presented no evidence of a seasonal influx of transients which caused the population of Lansford or its environs to swell so that existing licenses could not adequately meet the needs of the area. He did not present any traffic studies, hotel/motel booking statistics, tourist influx data or the specific number of tourists or when the tourists come to Lansford.

At the hearing before this court, Agnes McCartney, tourist director for the Pocono Mountain Vacation Bureau serving Carbon County, testified that there are many tourist attractions and activities in the Jim Thorpe, Pennsylvania, area and that they attract "thousands" of people to the area. She also brought with her many exhibits evidencing that the Jim Thorpe area is a tourist area. She made a strong case for Jim Thorpe being in a resort area, but not for Lansford. Petitioner would have us find that because Lansford is within 10 miles of Jim Thorpe, Lansford is also located within a resort area. Without any evidence that these tourists impact on Lansford, physically or financially, we cannot make such a finding.

*Commonwealth, Pennsylvania Liquor Control Board v. Ripley,* 107 Pa. Commw. 425, 529 A.2d 39 (1987), cited by petitioner, does not support his resort area theory. Although the Borough of Ebensberg was held to be a resort area on the basis of numerous tourist attractions 10 miles away, the quality and quantum of supporting evidence was clearly distinguishable from the instant case. One of the attractions drew one million visitors a year; Ebensberg brought in four to five million dollars in tourist revenues to the county each year and two other attractions brought in 120,000 annual visitors. Here there was no such testimony.

We, therefore, find that the Pennsylvania Liquor Control Board did not abuse its discretion and the testimony we heard at the de novo hearing does not justify this court making different findings of fact.

Because petitioner's failure to meet his burden on the "resort area" issue is dispositive of the instant appeal, we need not address the issue of "necessity."

We, therefore, enter the following

ORDER

And now, March 22, 1991, the appeal of Mustafa M. Khalil, t/a Rialto Encore, is dismissed. The order of the Pennsylvania Liquor Control Board dated June 26, 1989 denying petitioner's application is affirmed.