Darlene Bar, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs, April 11, 1980, to Judges WIL-KINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Donald M. Moser,* with him *Michael D. Fioretti,* for appellant.

*David M. Cohen,* for St. Mark's Church, inter-venors.

OPINION BY JUDGE WILKINSON, JR., May 9, 1980:

On October 8, 1975 appellant (licensee) filed with the Pennsylvania Liquor Control Board (Board) an application for extension of its licensed premises. Several protests were filed, including one by a church.

After hearings on January 6, 1976 and March 4, 1976, on April 28, 1976 the Board found that the pro-testing church was within 300 feet of the proposed ex-tension and that granting of the license would adverse-ly affect the welfare, health, peace and morals of the neighborhood within a radius of 500 feet. The appli-cation was refused.

Licensee appealed the decision to the Philadelphia Court of Common Pleas alleging that the Board had abused its discretion. At the court's hearing on June 28, 1976 licensee took the position that on appeal the Board must show why the license extension should not be granted. When licensee offered no evidence, the court dismissed the appeal on the basis that licensee had failed to carry its burden as appellant to prove that the Board had abused its discretion.

Section 464 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-464 provides that on appeals from the Board that:

> The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved. . . . The court shall either sustain or over-rule the action of the board. . . .

The law has been interpreted, where no new facts are presented to the court, to require that the Board decision be accepted unless a clear abuse of discretion is found. *Manns Liquor License Case,* 207 Pa. Superior Ct. 340, 217 A.2d 848 (1966). The court may not substitute its discretion for that of the Board and may reverse the Board only if it has committed a clear abuse of discretion or when *de novo* facts varying from those accepted by the Board are found. *Application of Hohl,* 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1975).

When licensee failed to present any evidence, the lower court properly affirmed the Board's decision.

Accordingly, we enter the following

### Order

And Now, May 9, 1980, the order of the Court of Common Pleas of Philadelphia County, No. 2159 May Term 1976, dated June 28, 1976, dismissing the appeal of Darlene Bar, Inc. from an order of the Pennsylva-

nia Liquor Control Board dated April 28, 1976 refusing its application for an extension of its license is hereby affirmed.