In Re: Granting of Request for the Transfer of a Restaurant Liquor License of John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders, t/a The Nickelodeon. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

In Re: Granting of Request for the Transfer of a Restaurant Liquor License of John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders, t/a The Nickelodeon. John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders, t/a The Nickelodeon, Appellants.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Vincent V. Rovito, Jr., Rovito & Rovito,* for appellants, John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders.

*I. Leonard Langan,* with him *David Shotel,* Assistant Attorney General, and *Kenneth W. Makowski,* Acting Chief Counsel, for appellant, Commonwealth of Pennsylvania.

*Frank J. Konopka, Lark, Makowski, Marateck & Konopka,* for protestants.

OPINION BY JUDGE MACPHAIL, November 18, 1980:

This is a consolidated appeal by the Pennsylvania Liquor Control Board (Board) and John F. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders, t/a The Nickelodeon (Applicants) from an order of the Court of Common Pleas of Northumberland County which reversed a Board decision granting the transfer of a restaurant liquor license.

On January 17, 1979, Applicants filed an application for the transfer of a restaurant liquor license and amusement permit from 100 South Market Street, Shamokin, Pennsylvania to a premises located about 200 feet diagonally across the street identified as 41 South Market Street, Shamokin. At a hearing held by the Board's examiner on June 21, 1979, two property owners whose residences nearly adjoined the premises proposed to be licensed and the pastor of Shamokin Gospel Tabernacle Church which is located within 300 feet of the premises proposed to be licensed appeared and objected. The Board granted the transfer finding, *inter alia,* that the premises proposed to be licensed were located within 300 feet of a church but that granting the transfer would not adversely affect the welfare, peace and morals of inhabitants of the neighborhood located within 500 feet of the premises. A Reverend Souders, paster of Grace Evangelical Lutheran Church, and the neighbors who appeared before the Board appealed that decision to the Court of Common Pleas of Northumberland County.

At the de novo hearing before that court, the testimony taken before the Board was admitted by stipulation. It was also stipulated that Grace Evangelical Lutheran Church is situated within 300 feet of the premises and that notice of the Board's hearing was not given to that institution. The testimony of the pastor of that church was received by the trial court. Additional testimony was also received from the pastor of the Gospel Tabernacle Church.[1] The trial court sustained the appeal and reversed the Board.

In the opinion in support of his order, the trial judge noted that the Board had not abused its discre-

---

[1] Other neighborhood residents also appeared to object but since in the opinion of counsel for the objectors such testimony would have been cumulative, they were not called.

tion based upon the evidence it had before it. However, the trial judge also held that the additional testimony of Reverend Souders was sufficient together with the evidence heard by the Board, to prove that the transfer would affect the welfare, health, peace and morals of the neighborhood within 500 feet of the premises proposed to be licensed.

The issue presented to us is whether the trial court abused its discretion or committed an error of law when it reversed the Board on the basis of the additional evidence it received.

Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404, sets forth the authority of the Board in transfer cases. That statute allows the Board in its discretion to refuse the transfer of a license to a new location in two situations pertinent to the case before us: (1) if the premises is within three hundred feet of any church, hospital, charitable institution, school, or public playground and (2) if the transfer would be "detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place to be licensed." 47 P.S. §4-404.[2] The Code also provides that in appeals to the Courts

---

[2] The fact that a church or any other named institution is located within 300 feet of the place proposed to be licensed is sufficient in and of itself to support an exercise of discretion in granting or refusing a transfer application. *See Rusch Liquor License Case,* 32 Pa. Commonwealth Ct. 578, 379 A.2d 1375 (1977). As was stated in *Prezioso Liquor License Case,* 36 Pa. Commonwealth Ct. 92, 95, 387 A.2d 1308, 1309 (1978):

Applicant presents a forceful and well reasoned argument that the Board, having found that the applicant's location is within 200 feet of another licensed establishment and within 300 feet of a school and a hospital, must then go further and find that to issue the license within such designated distance would be detrimental to the public welfare, health, peace or morals. . . . [S]uch is not the law in Pennsylvania. (Citations omitted.)

of Common Pleas "[t]he court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved. . . ." Section 464 of the Code, 47 P.S. §4-464.

It is well settled that the trial court "may not substitute its discretion for that of the Board and may reverse the Board only if it has committed a clear abuse of discretion or when *de novo* facts varying from those accepted by the Board are found." *Darlene Bar, Inc. v. Pennsylvania Liquor Control Board,* 51 Pa. Commonwealth Ct. 274, 276, 414 A.2d 721, 722 (1980) (citation omitted). Additional facts adduced before the court on appeal must vary significantly from those presented to the Board in order to justify a substitution of discretion. *Barone Liquor License Case,* 43 Pa. Commonwealth Ct. 446, 403 A.2d 148 (1979).

In the instant case, the Board and Applicants argue that the trial court merely substituted its discretion for that of the Board. The Appellees, protestants, contend that the trial court was acting within its proper scope of authority when it held that the additional evidence it had received permitted it to exercise *its* discretion and reversed the Board. Significantly, Appellees' brief suggests that perhaps the record in the trial court is insufficient for us to render a decision.

Before proceeding further, we deem it necessary to repeat that although the Board had the authority to refuse the transfer solely because there was a church within 300 feet of the premises, it chose in the exercise of its discretion not to do so. Instead, the Board ignored that fact and found that the grant of the license would not adversely affect the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet of the premises. The trial court in its findings found *two* churches within 300 feet of the premises but ignored that fact and held that the testimony of the pastor whom the Board had

not heard together with the testimony presented to the Board "clearly indicates" that the transfer of the license *would* adversely affect the welfare, etc. of the *neighborhood.* Also, as we have previously indicated, the Board has the initial discretion which can only be disturbed by the trial court under certain circumstances and this Court, in the absence of an error of law, is limited to a consideration of whether the trial court's discretion has been abused. *Barone, supra.*

In that posture, we have some observations of our own to make. Although the Board's opinion is a very brief one and makes no reference to specific evidence, the record is clear that the hearing examiner was aware that this transfer was *not* the injection of a new license into the neighborhood. Rather the new location was but 200 feet diagonally across the street from the old one. While there was some testimony about "problems" from bars in the neighborhood, there is nothing in the record to indicate how the *relocation* of this license in the *same* neighborhood would impact upon the welfare, etc. of that neighborhood.

Turning now to the testimony before the trial court where it was revealed that there is another church within 300 feet of the new premises, we are not told what the distance was between that church and the original licensed location. That missing fact may be helpful but not critical in our decision. What is critical is the fact that the trial judge said specifically in his opinion that it was the second pastor's *testimony* that changed the whole picture. Our examination of that testimony discloses that when he was asked to give his reasons for objecting to the transfer, the witness said, "I think that under the circumstances in the first place, the proximity of my congregation, of my church, that it poses a problem, especially concerning the youth, but not only the youth, adults as well." He also said that there were too many bars in the neighborhood and that

there would be a parking problem. Of course, the pastor's objection on the basis of the number of bars in the neighborhood is not persuasive because the number will remain unchanged by the proposed relocation. Nor will the parking conditions change since it was the pastor's testimony that parking was already insufficient in the neighborhood. This leaves the trial court's conclusion hinged upon the pastor's general statement that *relocation* of this license (and the record is not clear whether in its new location the licensed premises would be closer to or farther away from the Grace Evangelical Lutheran Church than the present location) would pose "problems," leaving to the trial court, and ultimately to this Court, to determine what those precise problems would be and how they would differ from those which might already exist in the neighborhood.

In summary, we are compelled to conclude that the additional testimony of the pastor heard by the court but not by the Board is insufficient to support the trial court's conclusion that the transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood.

There remain the difficult questions of whether the significant fact that there were *two* churches within 300 feet of the licensed premises rather than one may have influenced the Board to reach a different result and whether the trial court considered that the presence of two churches within 300 feet of the new location would, without more, justify reversal of the Board.

Our dilemma is what should be done in a situation where the trial court clearly erred in basing its order upon evidence which was not substantial, yet found an additional fact which in the proper exercise of the trial court's discretion *may* have been used to support its order but was not discussed in that context in the

court's opinion. Indeed, such additional fact if known to the Board *may* have prompted a different result by that body. However, since the Board has argued this appeal so vigorously with full knowledge of the additional fact found by the trial court, a remand to that tribunal would seem to be futile. Moreover, it is the discretion of the trial court which is subject to our review. Therefore, the remand will be to that court.

ORDER

AND Now, this 18th day of November, 1980, the order of the Court of Common Pleas of Northumberland County, dated September 26, 1979, is reversed and the case is remanded to that court for further proceedings consistent with the foregoing opinion.