In Re: Granting of Request for the Transfer of a Restaurant Liquor License Etc. John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders, t/a The Nickelodeon, Appellants.

Argued September 15, 1982 before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Vincent V. Rovito, Jr., Rovito & Rovito,* for appellants.

*Frank J. Konopka, Lark, Makowski, Marateck & Konopka,* for appellees.

OPINION BY JUDGE MACPHAIL, November 10, 1982:

This matter, involving the transfer of a restaurant liquor license, is before us for the second time. Following an earlier consolidated appeal to this Court by the Pennsylvania Liquor Control Board (Board) and John T. Chiavaroli, Marie V. Chiavaroli and Mildred Sanders t/a The Nickelodeon (Applicants), we reversed an order of the Court of Common Pleas of Northumberland County and remanded for further proceedings. *Chiavaroli Liquor License Case,* 54 Pa. Commonwealth Ct. 588, 422 A.2d 1195 (1980). The court of common pleas order then under review had reversed a Board decision granting Applicants' request for the transfer of a restaurant liquor license. On remand the court accepted additional evidence and reaffirmed its prior decision by entering an order which again reversed the Board. Applicants subsequently filed the instant appeal.[1] We affirm.

The facts of this case and the evidence presented prior to our remand have been adequately summarized in *Chiavaroli Liquor License Case* and need not not be repeated here. In short, the Board originally granted Applicants' requested transfer despite

---

[1] The Board has not appealed the most recent order of the court of common pleas.

the fact that the proposed restaurant site was within 300 feet of a church and a municipal park plot. The Board also concluded that the transfer would not adversely affect the welfare, peace and morals of residents of the neighborhood within a 500 foot radius of the proposed site.[2] On appeal, the court of common pleas conducted a *de novo* hearing where it was revealed, by stipulation, that the proposed site was also within 300 feet of a *second* church, the Grace Evangelical Lutheran Church. The pastor of that church, Reverend Souders, testified before the court of common pleas and the court concluded that his testimony, together with the evidence heard by the Board, was sufficient to establish that the transfer *would* adversely affect the health, welfare, peace and morals of inhabitants of the neighborhood within 500 feet of the premises proposed to be licensed. Thus, the court determined that the additional testimony of Reverend Souders supported its reversal of the Board. In *Chiavaroli Liquor License Case,* we ruled that the court of common pleas had erred in basing its reversal on the testimony by Reverend Souders and set forth the reasons for our conclusion in that respect.

The law in this area is clear. The trial court may reverse the Board only when the Board has committed a clear abuse of discretion or when additional facts are adduced at the *de novo* hearing which *vary significantly* from those presented to the Board. *Application of Barone,* 43 Pa. Commonwealth Ct. 446, 403

---

[2] Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404 provides, in pertinent part, that the Board in its discretion may refuse to transfer a liquor license to a new location: 1) if the proposed site is within 300 feet of any church, hospital, charitable institution, school or public playground or 2) if the transfer would be detrimental to the health, welfare, peace and morals of neighborhood inhabitants within a 500 foot radius of the premises to be licensed.

A.2d 148 (1979). We determined in *Chiavaroli Liquor License Case* that Reverend Souders' testimony did not vary significantly from that presented to the Board and, therefore, could not provide a valid basis for reversal. We also noted, however, that the additional fact, adduced for the first time before the trial court, that a *second* church was located within 300 feet of the proposed restaurant *could* have supported the court's reversal.[3] The trial court, nevertheless, did not rely on that fact in reaching its decision. We, consequently, concluded that a remand was in order to enable the court to consider whether the presence of the second church would, in and of itself, justify a denial of the transfer request.[4]

---

[3] The fact that a church is located within 300 feet of the site proposed to be licensed is sufficient in and of itself to support the refusal of a transfer application. *Chiavaroli Liquor License Case* and *Rusch Liquor License Case*, 32 Pa. Commonwealth Ct. 578, 379 A.2d 1375 (1977).

[4] It is apparent from the tenor of the trial judge's supplemental opinion that he was somewhat disconcerted by our previous remand order. He states in his opinion that we reversed "on the basis of additional evidence it (the trial court) received." Slip opinion, page 1. The quoted language appears in our opinion in the following context

> The issue presented to us is whether the trial court abused its discretion or committed an error of law when it reversed the Board on the basis of the additional evidence it received.

*Chiavaroli Liquor License Case*, 54 Pa. Commonwealth Ct. at 591, 422 A.2d at 1196. The basis for our order of reversal appears at page 594, 422 A.2d 1198

> In summary, we are compelled to conclude that the additional testimony of the pastor heard by the court but not by the Board is insufficient to support the trial court's conclusion that the transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood.

As we have previously noted in this opinion we then referred back to the trial court a consideration of whether the location of a second

On remand, the trial court admitted a stipulation into the record which reveals the exact distances between the two churches and the proposed restaurant site, as well as their distances from the originally licensed premises. Of particular importance here is the fact that the Grace Lutheran Church is 227 feet from the proposed site while it was 430 feet from the previous license location. With regard to the location of the second church, the trial court stated on remand as follows:

> We find, therefore, that there are two (2) churches within Three Hundred (300') feet of the proposed site, rather than the one acknowledged by the Liquor Control Board. It is our determination that these additional facts vary significantly from those presented to the Board, and justify a substituting of this Court's discretion.

We agree and, accordingly, will affirm the order of the trial court.

ORDER

It is ordered that the order of the Court of Common Pleas of Northumberland County, dated May 29, 1981, Misc. No. 79-82, is hereby affirmed.

---

church within 300 feet of the proposed new location would be sufficient in the opinion of the trial judge, to reverse the Board.

In his opinion in support of his present order, the trial judge, on the basis of substantial evidence not presented to the Board, found that the relocated licensed premises would be within 300 feet of two churches and, without more, was sufficient to vacate the Board's approval of the transfer. This, of course, is an entirely different reason for the trial court to reverse the Board and satisfies the purpose for which we ordered the remand.

We have taken this trouble to further explain our reasons for the initial remand because we respect the diligence of the hardworking trial judges of Pennsylvania and would not want any of them to feel that this Court would enter an order without careful consideration of their opinions.