In the Matter of the Application for Transfer of Restaurant Liquor License No. R-11919, Issued to Thomas J. Horner, t/a Mainline Restaurant & Lounge. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Thomas J. Horner, t/a Mainline Restaurant & Lounge, Appellee.

Submitted on briefs November 15, 1984, to Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Patrick M. McHugh,* Deputy Chief Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*Dennis M. McGlynn, Bionaz, Raptosh & McGlynn,* for appellee.

OPINION BY JUDGE DOYLE, March 5, 1985:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from a decision and order of the Court of Common Pleas of Cambria County reversing the Board's denial of a transfer of a restaurant liquor license to a new location at 711 Mountain Avenue, Portage, Cambria County, Pennsylvania. The license in question was issued to Thomas J. Horner, t/a Mainline Restaurant & Lounge (Mainline). Horner sought the transfer because his premises at 709 Main Street in Portage had been destroyed by fire. The Board denied the transfer on the basis of Section 404 of the Liquor Code[1] which provides in pertinent part:

[I]n the case of . . . the transfer of any license to a new location the board may, in its discretion, grant or refuse such . . . transfer if such place proposed to be licensed is within three

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404.

hundred feet of any church . . . [T]he board shall refuse any application for . . . the transfer of any license to a new location if, in the board's opinion, such . . . transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. . . .

We note initially that it is undisputed that the original location of the licensed premises was closer than three hundred feet to the property of the Bethany United Methodist Church (Church). The Board determined, and it is apparently also undisputed, that the proposed new site for Mainline is three hundred sixteen feet from the Church parsonage, but is only two hundred twenty-eight feet from the Church parking lot and two hundred seventy-two feet from the garage of the Church parsonage.[2] The Board also determined, based on the testimony of the Church's minister, the Reverend Eugene R. Barrett, that the presence of Mainline would detrimentally affect the health, welfare, peace and morals of the neighborhood within a five hundred foot radius. Therefore, the Board denied the transfer application on the basis of both the three hundred foot rule and the five hundred foot rule.

An appeal was taken to the common pleas court. What can perhaps best be described as a limited de novo hearing ensued. The parties agreed to rest on the record developed before the Board's hearing examiner, but did submit two additional exhibits not

---

[2] The Board's regulation, which is not here challenged, provides that for purposes of measuring the distance from a church, the church includes "[t]he building and the adjoining ground used in connection therewith." 40 Pa. Code §3.22. Thus, while there is no testimony that the church building itself was within three hundred feet of the proposed site for the transfer, the adjoining parking lot and parsonage garage were so situated.

relevant to our determination.[3] The trial judge, based upon the testimony taken before the Board's hearing examiner,[4] noted in his opinion that the proposed site for Mainline was within three hundred feet of the Church property. He also noted that Reverend Barrett had expressed a general concern that Mainline's presence at the proposed site would be harmful to the public and especially to young people in the neighborhood; that the Reverend's preference was that all liquor establishments be eliminated in the Borough and that the new site would place Mainline's premises *farther from the Church than they had originally been.* The trial judge then determined that the denial of the transfer would be "unfair" and a "denial of property without due process." He thus reversed the Board and approved the transfer application. This appeal ensued.

---

[3] The first exhibit submitted was a subpoena issued to the Board directing it to submit to the common pleas court the record and recommendation of the hearing examiner. The Board, in objecting to the admission of the subpoena, took the position that the determination of the hearing examiner is a recommendation only and does not carry any presumption. The second exhibit, which was accepted without objection, was a letter from the Board to Horner which Horner's attorney read into the record. The letter stated:

Dear Sir,

In view of the pending appeal which was filed in regard to the Board's refusal of the application for transfer of your license to premises at 711 Mountain Avenue, Portage, Pennsylvania, the Pennsylvania Liquor Control Board has approved your renewal application for the license period effective February 1st, 1983. The license will be held in safe keeping for one more year only or until its expiration on January 31st, 1983 [sic]. It will not be renewed in safe keeping for the license period effective February 1st, 1984.

Horner's attorney requested that this document be admitted simply to impress upon the court the urgency of the action in this case.

[4] The trial judge made no formal findings of fact, but his opinion expanded upon the evidence taken before the hearing examiner.

Preliminarily we must establish the scope of review. The trial court, when it takes no additional evidence, may reverse the Board only if it finds a clear abuse of discretion. If, however, after a de novo hearing, it finds facts varying significantly from those of the Board, it may also reverse on that basis. *Darlene Bar, Inc. v. Pennsylvania Liquor Control Board,* 51 Pa. Commonwealth Ct. 274, 414 A.2d 721 (1980); *Chiavaroli Liquor License Case,* 70 Pa. Commonwealth Ct. 1, 452 A.2d 289 (1982). Here, as already noted, no additional testimonial evidence was taken and the documents entered did not contain information which directly related to the facts upon which the denial of transfer was based. As we stated in *Amminiti Appeal,* 32 Pa. Commonwealth Ct. 13, 377 A.2d 1042 (1977), where the testimonial evidence before the trial court was substantially similar to that presented before the Board, the trial court may not substitute its discretion for that of the Board and may reverse only if it finds that the Board abused *its* discretion. Thus, the trial court here is limited to a reversal based upon a conclusion that the Board abused its discretion. This Court's scope of review is limited to a determination of whether the court below abused its discretion or committed an error of law. *Id.* Our consideration of the record leads us to conclude that we must reverse the trial court's determination that the Board abused its discretion by denying the transfer on the basis of the three hundred foot rule.[5]

When denial of a transfer is based upon the three hundred foot rule, the fact that a church is within three hundred feet of the place proposed to be licensed

---

[5] Because of our determination that the Board was acting within its discretion when it denied the transfer on this basis, we need not consider whether the trial court's reversal of the Board's denial based on the five hundred foot rule was proper. *See Rusch Liquor License Case,* 32 Pa. Commonwealth Ct. 578, 379 A.2d 1375 (1977).

is, standing alone, a sufficient basis for denial. The Superior Court specifically addressed this point in *425-429, Inc. Liquor License Case,* 179 Pa. Superior Ct. 235, 240, 116 A.2d 79, 82 (1955) when it wrote:

> [T]he legislature determined as a matter of policy that when one of the enumerated institutions is within the 300 feet, *that alone,* without any other evidence concerning reputation of the parties, the need in the neighborhood for a respectable place to dine, etc., *is sufficient upon which to base a refusal to grant or transfer a license.* (Emphasis added.)

This Court has adhered to the view expressed in *425-429, Inc. See, e.g., Chiavaroli,* 70 Pa. Commonwealth Ct. at 4 n. 3, 452 A.2d at 291 n. 3. In the present case there is no dispute that the proposed site for the transfer is within three hundred feet of the complaining Church's property. We are constrained to recognize that the proposed transfer would have resulted in the licensed premises being farther from the complaining Church's property and we can not help but feel that the trial judge's characterization of this situation as "unfair" is well taken. Nonetheless, the proposed premises lie within three hundred feet of Church property and, thus, the Board, in basing its denial on this fact, did not abuse its discretion. *425-429, Inc.*

Having determined that the Board did not abuse its discretion in denying the transfer where the complaining Church property was within three hundred feet of the proposed site for the transfer, we reverse the decision of the trial court.

### Order

Now, March 5, 1985, the decision and order of the Court of Common Pleas of Cambria County in the above captioned matter, No. Misc. 1983-2, dated March 30, 1983, is hereby reversed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.