512 A.2d 108

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Raymond R. Palumbo and Mary M. Palumbo, Appellees.

Submitted on briefs June 13, 1986, to Judges MAC-PHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, for appellant.

*Myron I. Markovitz, Gleason, Di Francesco, Shahade & Markovitz,* for appellees.

OPINION BY JUDGE COLINS, July 21, 1986:

The Pennsylvania Liquor Control Board (Board) seeks review of an April 22, 1985, order of the Court of Common Pleas of Cambria County overturning a May 6, 1983, order of the Board which had found Raymond and Mary Palumbo (appellees) in violation of Sections 401(a)[1] and 493(1)[2] of the Pennsylvania Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended.*

On December 27, 1982, a member of the Westmont Police Department observed a minor on the highway in possession of two six packs of sixteen-ounce beer. When stopped, the youth informed the officer that he had pur-

---

[1] 47 P.S. §4-401(a); sale of alcoholic beverages to a minor.

[2] 47 P.S. §4-493(1); sale of alcoholic beverages for consumption off the licensed premises in excess of One Hundred Forty-four (144) fluid ounces in a single transaction.

chased the alcohol from appellees' establishment. At a hearing before the Board Examiner, the minor testified that he had purchased the alcohol through the use of a false out-of-state identification card obtained from a novelty shop. The card was introduced as an exhibit at the hearing. Section 495[3] of the Code requires the signing of an identification statement card in order to be nonculpable for selling alcoholic beverages to a minor. Appellees failed to satisfy this requirement.

On May 6, 1983, the Board issued an opinion and order finding appellees in violation of the Code and fining them Three Hundred Fifty Dollars ($350.00).[4] For the *de novo* appeal, the parties agreed to rest on the record developed before the Board Examiner. No additional testimony was presented at the *de novo* hearing, nor was the record supplemented in any fashion. The trial court in an opinion and order dated April 22, 1985, found that appellees were not in violation of the Code and reversed the Board's decision.

As a basis for its decision, the trial court stated that it did not accept the testimony of the minor as credible. On appeal to this Court, the Board argues that the trial court erred because no new evidence was presented at the *de novo* hearing to justify a reversal based solely upon witness credibility.

We agree and reverse the trial court's order and reinstate that of the Board.

Our scope of review in a liquor license case where, as here, the matter was appealed to the Court of Common Pleas is limited to a determination of whether or not the order appealed from was supported by substantial evidence and whether or not the court committed an error of law or abused its discretion. *New Sorrento,*

---

[3] 47 P.S. §4-495(c).

[4] In considering the amount of the fine, the Board took into account the appellees' three previous code violations.

*Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982). While in a *de novo* hearing the Court of Common Pleas may make its own findings of fact and conclusions of law and then, in the exercise of its own discretion, either sustain, reverse, or modify the action of the Board, *Pennsylvania Liquor Control Board v. Latrobe Armstrong Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974), this can only be done when new evidence is presented or a clear abuse of discretion exists. *See In Re Horner,* 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985).

Here, no new evidence was presented at the *de novo* hearing, yet the trial court reversed the Board based solely on its belief that the recorded testimony of the minor was not credible. As previously noted, "The trial court, when it takes no additional evidence, may reverse the Board only if it finds a clear abuse of discretion." *In Re Horner,* 88 Pa. Commonwealth Ct. at 106, 488 A.2d at 663. Our review of the record indicates that the Board committed no clear abuse of discretion concerning its evaluation of the evidence at the initial hearing in this matter.

Accordingly, we vacate the trial court's order and reinstate the original order of the Board.

## ORDER

AND NOW, this 21st day of July, 1986, the April 22, 1985, order of the Court of Common Pleas of Cambria County is hereby reversed and the May 6, 1983, order of the Pennsylvania Liquor Control Board is reinstated.