101 Pa. Commonwealth Ct. 98 (1986)
515 A.2d 997
Cross Country Entertainment, Inc., Appellant
v.
Commonwealth of Pennsylvania, Appellee.
No. 2185 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued June 9, 1986.
September 30, 1986.
*99 Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.
Scott T. Redman, with him, Mark R. Hamilton and Gregory T. Nichols, Meyer, Darragh, Buckler, Bebenek & Eck, for appellant.
Patrick M. McHugh, Deputy Attorney General, with him, Thomas M. Crowley, Deputy Attorney General, Allen C. Warshaw, Executive Deputy Attorney General, Chief, Litigation Section, and LeRoy S. Zimmerman, Attorney General, for appellee.
John R. Luke, for intervenors, Jack Paradise and Mary Paradise, his wife, and John Freyvogel.
OPINION BY JUDGE DOYLE, September 30, 1986:
This is an appeal by Cross Country Entertainment, Inc. (Cross Country) from an order of the Court of *100 Common Pleas of Allegheny County which dismissed an appeal from the denial by the Pennsylvania Liquor Control Board (Board) of an application for transfer of a restaurant liquor license and amusement permit and issuance of a provisional Sunday sales permit.
Cross Country sought a double transfer, i.e., from person to person and from place to place. A hearing was held on its application on December 3, 1984. At that hearing there was uncontradicted testimony that the proposed licensed premises were within 200 feet of another licensed premise and within 300 feet of the Soldiers and Sailors Memorial Hall, The Historical Society of Western Pennsylvania, and a parking lot belonging to the University of Pittsburgh. Furthermore, protestants, who resided within 500 feet of the proposed licensed premises, appeared and testified objecting to the transfer on grounds that it would be detrimental to the welfare, health, peace and morals of persons residing within 500 feet of the proposed licensed premises. Although the hearing examiner recommended that the transfer application be granted, the Board issued an order on March 22, 1985 denying the application pursuant to Section 404 of the Liquor Code,[1] 47 P.S. 4-404. The Board found:

*101 1) The proposed licensed premises are located within 200 feet of other establishments licensed by this Board.
2) The proposed licensed premises are located within 300 feet of Soldiers and Sailors Memorial Hall, Historical Society of Western Pennsylvania and the University of Pittsburgh.
3) The approval of this application would adversely affect the health, welfare, peace and morals of the neighborhood within a radius of 500 feet.
Subsequent to this order Cross Country filed an appeal with the court of common pleas alleging (1) that the Board's decision was contrary to the evidence and (2) that the Board in its meeting considered matters dehors the record. Allegedly, prior to the vote being taken by the Board on the application, a letter from a State Representative was distributed to Board members. Said letter allegedly opposed the transfer. At the de novo hearing before the common pleas court the Board's chief counsel testified that such a letter had been distributed to the Board against his advice. The common pleas court denied a petition filed by protestants as intervenors to present additional testimony of, inter alia, the Board's Director of Licensing who, had he been permitted to testify, would have stated that no such letter was ever presented to or considered by the Board. Similar testimony would also have been offered by a member of the State Representative's staff.
The common pleas court held that even assuming that the Board had considered evidence outside the record, there was sufficient evidence in the record as a *102 matter of law to support its findings. It distinguished the case of Centrum Prime Meats, Inc. v. Pennsylvania Liquor Control Board, 71 Pa. Commonwealth Ct. 560, 455 A.2d 742 (1983) wherein this Court held under a very limited factual scenario that the Board's consideration of matters outside the record had so tainted the proceedings that a reversal of the Board's denial of an application was required.[2]
On appeal here the same issues are raised as were asserted below.[3] While our consideration of the alleged non-record evidence would have been facilitated had the letter (if in fact it exists) been made a part of the record, the failure to do so does not prevent us from deciding the matter. We begin by recognizing that the Board may, in its discretion, deny an application on the *103 basis of the 200-foot rule alone, Pennsylvania Liquor Control Board v. Parker, 56 Pa. Commonwealth Ct. 486, 425 A.2d 853 (1981) or on the basis of the 300-foot rule alone, Chiavaroli Liquor License Case, 54 Pa. Commonwealth Ct. 588, 422 A.2d 1195 (1980); Pennsylvania Liquor Control Board v. Horner, 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985). See also Ulana Ltd. v. Pennsylvania Liquor Control Board, 86 Pa. Commonwealth Ct. 345, 484 A.2d 859 (1984). In addition, if the Board finds that licensing the premises would be detrimental to the health, welfare, peace or morals of residents within 500 feet it must refuse the application. Ulana. While we express reservations as to whether the evidence of record would sustain a denial on the basis of the 500 foot rule, we need not consider the sufficiency of evidence on this point because the record clearly supports, with uncontradicted testimony, a determination that the proposed licensed premises are within 200 feet of another licensed premises and within 300 feet of institutions enumerated under the 300-foot rule.[4] Cross Country admits these facts. Thus, the Board had clear evidence of record to support two of its findings and hence to deny the transfer. Horner, Chiavaroli, Parker. Unlike Centrum, absent from this case is political discrimination exercised against only one applicant to the advantage of another, a monetary stake by protestants in a competing applicant, and any indication by the Board in its adjudication that it considered matters not of record. Hence, on these facts we are loath to disregard the presumption of administrative regularity. See Nason v. Commonwealth, 90 Pa. Commonwealth Ct. 130, 494 A.2d 499 (1985). Therefore, *104 while we will strongly caution the Board against considering evidence outside the record, we nonetheless conclude that there is nothing to indicate that even if it did so here its decision was based upon such evidence. We note additionally that our holding here is in harmony with our decision in Ulana wherein we stated that even if a Board member had been guilty of impropriety the uncontradicted evidence of the presence of other licensed premises within 200 feet of the applicant's premises would in and of itself be sufficient basis for the denial of an application for the extension of a restaurant liquor license.
Based upon the foregoing we conclude that the trial court committed no error nor abuse of discretion when it upheld the denial of the transfer.

ORDER
NOW, September 30, 1986, the order of the Court of Common Pleas of Allegheny County entered July 5, 1985 in the above-captioned matter is hereby affirmed.
NOTES
[1] Act of April 12, 1951, P.L. 90, as amended. Section 404 states in pertinent part:

[I]n the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board ... And provided further, that the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. ... transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed....
[2] Judge WILLIAMS held in Centrum:

Considering the very narrow factual matrix of this case, wherein (1) two applications for the same type of license in the same neighborhood were simultaneously pending before the Board; (2) members of the board of directors of the local community group which `advised' the Board concerning its decision owned interests in one of the applicants; (3) personal political considerations motivated a local elected official to oppose only one of two applicants for the reason that another license would increase undesirable neighborhood traffic; (4) the Board failed to make any findings of fact which would enable a reviewing Court to ascertain why, in its opinion, one applicant would have an adverse effect on the neighborhood but the other apparently would not, and (5) the Board egregiously violated both due process and its own regulations by considering evidence not of record, we therefore conclude that the common pleas court committed an error of law when it determined that the Board did not abuse its discretion.
Id. at 565-66, 455 A.2d at 745. (Footnotes omitted.)
[3] Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. Pennsylvania Liquor Control Board v. Horner, 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985).
[4] There is no assertion that the Soldiers and Sailors Memorial Hall, the Historical Society of Western Pennsylvania, or the parking lot of the University of Pittsburgh, are not "institutions" covered under the 300 foot rule. Hence we assume, without deciding, that they are.